1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   NARCISO T. MORALES,                    )   Case No.: 1:16-cv-00466-JLT
                                            )
12              Petitioner,                 )   ORDER REQUIRING PETITIONER TO AMEND
                                            )   PETITION TO NAME PROPER RESPONDENT
13        v.                                )
                                            )   THIRTY-DAY DEADLINE
14   PEOPLE OF THE STATE OF CALIFORNIA,     )
                                            )
15              Respondent.                 )
     _____)
16

17          Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on March 24, 2016 in

19   the Northern District of California (Doc. 1), and transferred to this Court on April 4, 2016. (Doc. 4).

20                               **PROCEDURAL HISTORY**

21          A.   Procedural Grounds for Summary Dismissal.

22          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part: "If it plainly

23   appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

24   district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  The

25   Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas

26   corpus on its own motion under Rule 4.  However, a petition for habeas corpus should not be

27   dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were

28   such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

                                            1

B.  <u>Failure to Name A Proper Respondent</u>.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. Cal. Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> also, <u>Stanley v. Cal. Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

Here, Petitioner has named as Respondent "the People of the State of California."   However, "the People of the State of California" is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is presently confined at the Salinas Valley State Prison, Soledad, California.  The current director or warden of that facility is William Muniz.  This is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. Cal. Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).  **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility**.  <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

**In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.**

2

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1.  Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a Motion to Amend the Petition to Name a Proper Respondent.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   __April 12, 2016__                    _____ **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE